

Opinions of the United
States Court of Appeals
for the Third Circuit

6-25-2003

# Magistrini v. One Hour Martinizing

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-2331

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

## Recommended Citation

"Magistrini v. One Hour Martinizing" (2003). *2003 Decisions*. Paper 434.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/434

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 02-2331
_____

KATHY MAGISTRINI

Appellant

v.

ONE HOUR MARTINIZING DRY CLEANING; MARTIN FRANCHISES, INC.;
DOW CHEMICAL COMPANY; R.R. STREET & CO, INC.
JOHN DOE MANUFACTURERS, (1-50);
JILL DOES SUPPLIERS/DISTRIBUTORS, (51-100)

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

(D.C. Civil No. 96-cv-04991)
District Judge:  The Honorable Faith S. Hochberg

_____

Submitted Under Third Circuit LAR 34.1(a)
March 11, 2003

BEFORE: SLOVITER, NYGAARD, and ALARCON,* Circuit Judges.

_____

*       Honorable Arthur L. Alarcon, Senior Circuit Judge for the United States Court
of Appeals for the Ninth Circuit, sitting by designation.

_____

OPINION OF THE COURT
_____

NYGAARD, <u>Circuit</u> <u>Judge</u>.

Kathy Magistrini appeals a District Court's *Daubert* hearing order that precluded testimony from her causation expert. Magistrini also challenges the District Court's decision to admit certain testimony for the sole purpose of the *Daubert* hearing and to employ Dr. Mark Weiss as a technical advisor.

When a party seeks to admit expert testimony, the District Court must make an initial determination, in a preliminary hearing under Fed. R. Evid. 104(a), that the requirements of Fed. R. Evid. 702 have been met. *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592 (1993). Rule 702 imposes a special obligation on the District Judge to "ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." *Id*. at 589.

In assessing whether proffered scientific expert testimony is reliable, we have explained that the District Court should admit expert testimony "if there are 'good grounds' for the expert's conclusion" notwithstanding the judge's belief that there are better grounds for some alternative conclusion. *Heller v. Shaw*, 167 F.3d 146, 152-53 (3d Cir. 1999) (citations omitted). The District Court must also "examine the expert's

2

conclusions in order to determine whether they could reliably follow from the facts known to the expert and the methodology used." *Id*. at 153. However, "nothing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert. A court may conclude that there is simply too great an analytical gap between the data and the opinion proffered." *General Elec. Co. v. Joiner*, 522 U.S. 136, 145-46 (1997).

We review the District Court's decision to exclude or admit testimony under *Daubert*, as well as to employ a technical advisor, for abuse of discretion. To demonstrate abuse, Appellant must show that the District Court's based "its opinion on a clearly erroneous finding of fact, an erroneous legal conclusion, or an improper application of law to fact." *LaSalle Nat. Bank v. First Conn. Holding Group, L.L.C. XXIII*, 287 F.3d 279, 288 (3d Cir. 2002).

Inasmuch as the District Court has already set forth the factual and procedural history of this case, we need not repeat that history here. *See Magistrini v. One Hour Martinizing Dry Cleaning, et al.*, 180 F.Supp. 2d 584 (D. N.J. 2002). The District Court has carefully and completely explained its reasons for excluding the testimony of Appellant's causation expert and admitting other testimony in its thoughtful Memorandum Opinion and Order. The District Court did not abuse its discretion. It properly conducted the *Daubert* hearing, applied the correct legal standard, and made no clearly erroneous findings of fact. Given the District Court's careful analysis, no purpose

will be served by this court undertaking a redundant discussion simply to reach the same result. The District Court's actions in selecting a technical advisor were also well within its discretion.

Accordingly, we will affirm the decision of the District Court for substantially the reasons set forth in the District Court's thoughtful Memorandum Opinion without further elaboration.

_____

TO THE CLERK:

      Please file the foregoing opinion.


                    /s/ Richard L. Nygaard
                    Circuit Judge